20 P.3d 1234 (2000)
Daniel G. DELLINGER and Committee for Growth Limits, an unincorporated association, Plaintiffs-Appellants,
v.
BOARD OF COUNTY COMMISSIONERS FOR the COUNTY OF TELLER and Connie Joiner as Clerk and Recorder for Teller County, Defendants-Appellees.
No. 99CA0403.
Colorado Court of Appeals, Division V.
September 14, 2000.
Certiorari Denied April 9, 2001.
*1235 Isaacson, Rosenbaum, Woods & Levy, P.C., Edward T. Ramey, Denver, Colorado; J. Gregory Walta, P.C., J. Gregory Walta, Colorado Springs, Colorado; American Civil Liberties Union Foundation of Colorado, Mark Silverstein, Denver, Colorado, for Plaintiffs-Appellants.
Sparks Willson Borges Brandt & Johnson, P.C., Christopher M. Brandt, Stephen A. Hess, Colorado Springs, Colorado, for Defendants-Appellees.
Opinion by Judge KAPELKE.
In this action for declaratory and injunctive relief, plaintiffs, Daniel G. Dellinger and Committee for Growth Limits, appeal from the summary judgment entered in favor of defendants, Board of County Commissioners for the County of Teller (Board) and Connie Joiner, Clerk and Recorder for Teller County (Clerk and Recorder). The primary issue on appeal is whether the right of initiative set forth in Colo. Const. art. V, § 1, is applicable to, and exercisable by, the electors of unin-corporated, non-home-rule counties in Colorado. We agree with the trial court that it is not and, therefore, affirm.
The facts are essentially undisputed. Plaintiffs, purporting to act pursuant to § 30-11-103.5, C.R.S.2000, sought to place, by petition of the electors of Teller County (the County), a citizen initiative on the ballot in the County for the November 1998 general election. The proposed initiative would require the County to "place a one percent limit on the annual increase in new residential dwelling units in unincorporated associations."
Plaintiffs' petition did not contain the number of signatures required by Colo. Const. art. V, § 2 for a state-wide initiative.
Although the Clerk and Recorder deemed the initiative sufficient for purposes of § 30-11-103.5, she nevertheless referred the matter to the Board. Reasoning that the constitutional right of initiative did not extend to non-home-rule counties except in certain statutorily defined contexts, the Board refused to allow the initiative to appear on the ballot and directed the Clerk and Recorder to withhold it from the ballot.
Plaintiffs then filed this action, seeking entry of a temporary restraining order and a preliminary injunction to compel the Board to place the initiative on the ballot. In their motion, plaintiffs argued, as pertinent here, that the Board's refusal to place the initiative on the ballot violated the right of initiative reserved exclusively to the People by Colo. Const. art. V, § 1. The court denied the motion.
Plaintiffs filed an appeal in this court and an emergency motion for mandatory injunction, which was denied. Thereafter, they filed in the supreme court an emergency petition for writ in the nature of mandamus and injunction pursuant to C.A.R. 21. The supreme court denied the petition. The appeal in this court was dismissed upon plaintiffs' motion.
Later, the parties filed cross-motions for summary judgment in the trial court. In defendants' motion, they argued that the *1236 right to initiative under Colo. Const. art. V, § 1, was reserved "at the statewide, and also at the city, municipal or town level, but not at the county level." Plaintiffs in their motion asserted that the defendants' actions had been in derogation of plaintiffs' constitutionally reserved right of initiative under Colo. Const. art. V, § 1, and thus violated their constitutional rights of free expression, due process, and equal protection under the United States and Colorado Constitutions.
The court entered summary judgment in favor of defendants, finding that there was no federal constitutional right of initiative at the state or local level, that the Colorado Constitution did not confer a right of initiative at the county level, and that plaintiffs' constitutional rights had thus not been violated. This appeal followed.

I.
Plaintiffs contend that the right and power of initiative as reserved to the People pursuant to Colo. Const. art. V, § 1, are applicable to and exercisable by the electors of unincorporated, non-home-rule counties in Colorado. We disagree.
Colo. Const. art. V, § 1 provides, in pertinent part:
(1) The legislative power of the state shall be vested in the general assembly consisting of a senate and house of representatives, both to be elected by the people, but the people reserve to themselves the power to propose laws and amendments to the constitution and to enact or reject the same at the polls independent of the general assembly and also reserve power at their own option to approve or reject at the polls any act or item, section, or part of any act of the general assembly.
(2) The first power hereby reserved by the people is the initiative, and signatures by registered electors in an amount equal to at least five percent of the total number of votes cast for all candidates for the office of secretary of state at the previous general election shall be required to propose any measure by petition, and every such petition shall include the full text of the measure so proposed. Initiative petitions for state legislation and amendments to the constitution, in such form as may be prescribed pursuant to law, shall be addressed to and filed with the secretary of state at least three months before the general election at which they are to be voted upon.
. . . .
(9) The initiative and referendum powers reserved to the people by this section are hereby further reserved to the registered electors of every city, town, and municipality as to all local, special, and municipal legislation of every character in or for their respective municipalities. The manner of exercising said powers shall be prescribed by general laws; except that cities, towns, and municipalities may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. (emphasis added)
In County Road Users Ass'n v. Board of County Commissioners, 987 P.2d 861, 863 (Colo.App.1998), a division of this court stated that "the powers of initiative and referendum are not generally reserved to the electors as to county governments." While we agree with plaintiffs that the division's comment in that case was dictum, we nevertheless find it to be an accurate statement of the law.
In construing the Constitution, we must give terms their ordinary and popular meaning. Bolt v. Arapahoe County School District No. Six, 898 P.2d 525 (Colo.1995). Further, where the language of the Constitution is plain and its meaning clear, the language must be enforced as written. Colorado Ass'n of Public Employees v. Lamm, 677 P.2d 1350 (Colo.1984).
Here, there is no reference to counties in Colo. Const. art. V, § 1(1) & (2). Further, as plaintiffs acknowledge: "Nowhereand particularly nowhere in the `further' reservation of the initiative power from local governments in Article V, section 1(9)  is there a specific reference to counties." Plaintiffs also recognize that: "Section 1(9) should not be read to include counties, as such a reading would violate both the plain language and *1237 historical realities that existed at the time Section 1(9) was adopted."
Each of these sections was adopted in 1910, at a time when, as plaintiffs point out, county governments did not exercise legislative functions to any significant extent, if at all. Thus, plaintiffs do not argue that the drafters or those who adopted these constitutional provisions actually contemplated that the initiative and referendum processes would extend to legislative issues at the county level, as such.
Nevertheless, plaintiffs argue that, in light of "the historical evolution of the role and function of county governments in Colorado since 1910," we should interpret Colo. Const. art. V, § 1, as including a right on the part of electors to initiatives on a county-wide basis. We are not persuaded.
A county is a political subdivision of the state, not an independent governmental entity existing by reason of any inherent sovereign authority of its residents. Accordingly, a county possesses only such powers as are expressly conferred by the constitution and statutes, and such incidental implied powers as are reasonably necessary to carry out such powers. Board of County Commissioners v. Love, 172 Colo. 121, 470 P.2d 861 (1970); see also Pennobscot, Inc. v. Board of County Commissioners, 642 P.2d 915 (Colo. 1982).
As noted, the rights of initiative and referendum are not generally reserved to the electors as to county governments. Colo. Const. art. V, § 1(1), (2), and (3) grant legislative power to the General Assembly with a reservation to the People of the powers of initiative and referendum. These reserved powers are further reserved to the registered electors of every city, town, and municipality as to all local, special, and municipal legislation. Colo. Const. art. V, § 1(9). They are not, however, expressly reserved to the electors of counties, as such.
By statute, though, electors of counties have been granted rights of initiative on a county-wide basis in certain limited contexts. Section 29-2-104, C.R.S.2000, for example, provides for the proposal by initiative of county-wide sales tax ordinances. Also, § 30-11-508, C.R.S.2000, requires that the charters of home-rule counties contain procedures for the "initiative and referendum of measures." No statutory authorization exists, however, as to county-wide initiatives for electors in non-home-rule counties. Nor is there any statute specifically authorizing initiatives at the county level such as that proposed here concerning housing growth limits.
Thus, plaintiffs' contention is not supported by the constitutional provisions, by their underlying historical intent, or by any statutory authority.
Essentially, plaintiffs are arguing that we should interpret Colo. Const. art. V, § 1, to authorize initiatives at the county level because the adopters of the initiative provisions would have intended to do so had they known or envisioned that county governments would later exercise significant legislative authority and functions.
We recognize that the power of initiative "is a fundamental right at the very core of our republican form of government." McKee v. City of Louisville, 200 Colo. 525, 616 P.2d 969 (1980). As the trial court found here, however, each Colorado elector does in fact possess that right, albeit at the state level, pursuant to Colo. Const. art. V, § 1(1) and (2).
Plaintiffs urge that, because county governments today are exercising a legislative function, as subordinate agencies of the state they could only have acquired that power by devolution from the General Assembly. That devolution or delegation could not, they assert, be free of the right of initiative reserved to the People under Colo. Const. art. V, § 1.
The argument has a certain ring of logic. Nevertheless, given the absence of support in the language or historical intent of this constitutional provision, we must reject plaintiffs' contention.
We cannot ignore the fact that the provisions of Colo. Const. V, § 1(1), (2), and (9) expressly authorize initiatives at the state and municipal level, but do not do so at the county level. Nor can we ignore the fact that the General Assembly has seen fit to provide for county-wide initiatives only with *1238 respect to home-rule counties or as to specific, defined subjects such as the adoption of sales tax ordinances. In our view, to interpret Colo. Const. art. V., § 1 as conferring a general right of initiative at the county level would require a rewriting of that provision. This, of course, we are not free to do. Pace Membership Warehouse v. Axelson, 938 P.2d 504 (1997).
We therefore agree with the trial court's conclusion that there is no constitutional right of initiative for electors at the county level.
In light of our disposition of this issue, we need not address plaintiffs' contention that the procedures in § 30-11-103.5 would govern their proposed initiative.

II.
Plaintiffs also contend that the right of initiative as created and defined by the Colorado Constitution implicates liberty interests that are entitled to the procedural guarantees of the Due Process Clause of the Fourteenth Amendment. We disagree.
Plaintiffs rely on Montero v. Meyer, 13 F.3d 1444 (10th Cir.1994) as supporting their contention. Montero, however, is inapposite. That action arose from an initiated amendment to the Colorado Constitution designating English as Colorado's official language. The amendment had been initiated pursuant to Colo. Const. art. V, § 1(1) & (2), which reserves to the People the power to propose and enact amendments to the constitution.
Here, as concluded above, there is no constitutional provision extending the power of initiative to the electors on a county-wide basis. Further, we note that the court in Montero rejected the argument that the Colorado Constitution and Colorado statutes governing the ballot initiative created in the plaintiffs there a liberty interest within the meaning of the Fourteenth Amendment. See also Committee for Better Health Care v. Meyer, 830 P.2d 884 (fn.7) (Colo.1992) ("[T]here is no federal constitutional right to the initiative process").
Accordingly, we perceive no error.
The judgment is affirmed.
Judge ROTHENBERG and Judge CASEBOLT concur.