25CA0041 Bajda v Stephenson 08-28-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0041
Delta County District Court No. 24CV4
Honorable Mary E. Deganhart, Judge

Ewelina Bajda, Jacob Dahlman, and James McCain Jr.,

Plaintiffs-Appellants,

v.

Teri Stephenson,

Defendant-Appellee.

JUDGMENT AFFIRMED
AND ORDER REVERSED

Division III
Opinion by JUDGE SCHOCK
Dunn and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 28, 2025

Ewelina Bajda, Pro Se

Jacob Dahlman, Pro Se

James McCain Jr., Pro Se

Hall & Evans, L.L.C., Matthew J. Hegarty, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Plaintiffs, Ewelina Bajda, Jacob Dahlman, and James McCain Jr., appeal the dismissal of their complaint against defendant, Teri Stephenson, in her official capacity as Delta County Clerk, and the order awarding attorney fees to Stephenson.  We affirm the judgment of dismissal but reverse the order awarding attorney fees.

## I.     Background

¶ 2     In 2024, the Delta County Board of County Commissioners adopted a resolution updating the county's land use code and rezoning all property zoned as urban growth areas to residential.

¶ 3     Days after the resolution was adopted, plaintiffs filed a proposed referendum petition concerning the resolution. Stephenson rejected the petition, explaining that "[m]odification of a land use code adopted by the Board of County Commissioners is not an allowable topic for citizen initiative" under *Dellinger v. Board of County Commissioners*, 20 P.3d 1234 (Colo. App. 2000).

¶ 4     Plaintiffs submitted an amended petition a week later, which clarified that its purpose was to "protest the enactment" of the resolution.  Again, Stephenson rejected the petition under *Dellinger*. She elaborated that the constitutional right to referendum was

reserved for "state legislative decisions" and "local, special and municipal legislation," and the challenged resolution was neither.

¶ 5        Plaintiffs then submitted another petition, titled a "citizen referendum petition to repeal [the resolution]," which was signed by 1,406 county electors. This time, the Delta County Attorney responded on Stephenson's behalf, again citing *Dellinger* for the proposition that "there is no constitutional right of initiative for electors at the county level." 20 P.3d at 1238. The petition was therefore rejected as "legally insufficient" and "invalid."

¶ 6        Plaintiffs then filed a complaint against Stephenson, alleging that she had improperly rejected their petition and seeking a court order requiring her to accept it. Stephenson moved to dismiss the complaint for lack of standing and failure to state a claim. As in her prelitigation letters, Stephenson relied largely on *Dellinger* to argue that county electors do not have a right of referendum.

¶ 7        The district court agreed and dismissed the complaint for failure to state a claim. The court concluded that, under *Dellinger*, "there is no constitutional right of initiative to modify county ordinances," and neither of the statutory exceptions to that rule — county-wide sales tax ordinances and ordinances in non-home-rule

2

counties — applied.  Thus, plaintiffs had "no legal authority to repeal or modify the resolution at issue through a citizen petition."

¶ 8    The court also awarded Stephenson her reasonable attorney fees and costs — later determined to be $8,974.50 — under section 13-17-102, C.R.S. 2025, on the ground that plaintiffs' claim was frivolous.  It reasoned that plaintiffs were on notice before filing suit that *Dellinger* was "fatal to their claim, but they filed suit anyway."

## II.    Dismissal

¶ 9    Plaintiffs contend that the district court erred by dismissing their complaint because, as county electors, they have a right to seek a referendum against county zoning legislation.  We disagree.

### A.    Standard of Review

¶ 10    We review de novo an order dismissing a complaint under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted.  *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7.  In doing so, we accept the factual allegations in the complaint as true, viewing them in the light most favorable to the plaintiff, to determine whether the complaint states a plausible claim for relief.  *Id.*; *Warne v. Hall*, 2016 CO 50, ¶ 2.  We will affirm

a C.R.C.P. 12(b)(5) dismissal "when the plaintiff's factual allegations do not, as a matter of law, support the claim for relief." *Norton*, ¶ 7.

## B. *Dellinger*

¶ 11 We agree with the district court that *Dellinger*'s rationale for holding that county electors have no constitutional right of initiative precludes plaintiffs from asserting a right of referendum. *See People v. Frye*, 2014 COA 141, ¶ 12 ("[A]lthough we 'are not obligated to follow the precedent established by another division,' we 'give such decisions considerable deference.'" (citation omitted)).

¶ 12 In *Dellinger,* the plaintiffs were county electors who sought to place a citizen initiative on the county ballot but were denied by the board of county commissioners. 20 P.3d at 1235. The issue on appeal was "whether the right of initiative set forth in Colo. Const. art. V, § 1, is applicable to, and exercisable by, the electors of unincorporated, non-home-rule counties in Colorado." *Id.*[1]

---

[1] Delta County is not a home-rule county. *See* Legis. Council Staff, *Colorado Local Government Handbook,* Research Pub. No. 795, at 12 (2023). Home-rule counties are unique in that their charters must "contain procedures for the initiative and referendum of measures." § 30-11-508, C.R.S. 2025; *see also Dellinger v. Bd. of Cnty. Comm'rs*, 20 P.3d 1234, 1237 (Colo. App. 2000).

¶ 13    The division held that it was not.  *See id.* at 1236.  It reasoned that Colorado Constitution, article V, section 1, reserves the power of initiative to the people on a statewide basis, and subsection (9) of that section extends that reservation to "the registered electors of every *city, town, and municipality* as to all local, special, and municipal legislation."  *Dellinger*, 20 P.3d at 1236 (quoting Colo. Const., art. V, § 1(9)).  But because these constitutional provisions do not refer to counties, they do not confer "a right on the part of electors to initiatives on a county-wide basis."  *Id.* at 1236-37.

¶ 14    We are persuaded by *Dellinger* and conclude that its reasoning applies to initiatives and referendums alike.  Indeed, the supreme court has similarly observed that it "has not recognized any constitutional initiative powers reserved to the people over countywide legislation."  *Bd. of Cnty. Comm'rs v. Cnty. Rd. Users Ass'n*, 11 P.3d 432, 436 (Colo. 2000) (*CRUA*).  Although *CRUA* addressed a specific *statutory* right of initiative — for a countywide sales tax — it distinguished such a right from the "initiatives and referenda founded in the general, constitutional reservation of the right to initiate legislation contained in article V, section 1 of the Colorado Constitution."  *Id.* at 439.  And in the twenty-five years

5

since *Dellinger* and *CRUA*, no law has established a right of initiative or referendum as to countywide legislation generally.

¶ 15    Thus, plaintiffs have no constitutional right to initiate a referendum regarding the county resolution. *Dellinger*, 20 P.3d at 1237-38. Nor have they pointed to any statutory right to do so. The district court therefore properly dismissed their complaint.[2]

### C.    Plaintiffs' Arguments Against *Dellinger*

¶ 16    Plaintiffs mount several attacks on *Dellinger*, attempting both to distinguish and discredit it. We are not persuaded.

¶ 17    Plaintiffs first contend that *Dellinger* is distinguishable because it concerned a citizen initiative — to *enact* a law — while theirs was a petition for referendum — to *repeal* a law. But that is a distinction without a difference. Both the power of initiative and

---

[2] Stephenson frames this issue as one of standing, arguing that because plaintiffs have no right of referendum, they have not suffered an injury to a "legally protected interest." *Ainscough v. Owens*, 90 P.3d 851, 855 (Colo. 2004). Given the overlap between Stephenson's standing argument and her argument on the merits, we do not separately analyze the issue under the standing rubric. *See Colo. Gen. Assembly v. Lamm*, 700 P.2d 508, 516 (Colo. 1985) ("A decision that a plaintiff lacks standing because the claimed injury does not infringe any legally protected right of the plaintiff may be viewed as equivalent to a holding that the plaintiff has failed to state a claim upon which relief may be granted.").

the power of referendum derive from the same constitutional provision, Colo. Const. art. V, § 1, which does not reserve *either* power to county electors on a countywide basis.  *See Dellinger*, 20 P.3d at 1237 ("[T]he rights of initiative *and referendum* are not generally reserved to the electors as to county governments." (emphasis added)).  Plaintiffs do not offer any persuasive basis for treating these two types of citizen-initiated legislation differently.  To the contrary, the analysis in *Dellinger* applies equally to both.

¶ 18     Plaintiffs next try to squeeze their referendum petition into the constitutional right of referendum for "city, town, and municipality" electors as to "local, special, and municipal legislation" by arguing that when a county enacts zoning legislation, it is functioning as a municipality.  Colo. Const. art. V, § 1(9); *cf. City of Durango v. Durango Transp., Inc.*, 807 P.2d 1152, 1156 (Colo. 1991) (holding, in the context of a different constitutional provision, that "the term 'municipal' is to be determined by reference to the particular function to be performed").  But the functional test plaintiffs draw on arose in the context of a constitutional provision that applies to the performance of "any municipal function."  Colo. Const. art. V, § 35; *see City of Durango*, 807 P.2d at 1158.  In contrast, the term

"municipality" in the provision at issue in this case "does not include counties." *CRUA,* 11 P.3d at 436. As *Dellinger* noted, while there is "a certain ring of logic" to treating municipalities and counties similarly when counties exercise legislative functions, that is not what the constitutional provision says. 20 P.3d at 1237.

¶ 19     For the same reasons, plaintiffs' reliance on sections 29-20-104(1) and 30-11-103.5, C.R.S. 2025, is misplaced. Section 29-20-104(1) provides that the power granted to counties to regulate the use of land "does not limit any power or authority *presently exercised or previously granted.*" (Emphasis added.) Section 30-11-103.5 provides that "[t]he procedures for placing an issue or question on the ballot by a petition of the electors of a county *that is pursuant to statute or the state constitution*" shall follow the procedures for municipal initiatives. (Emphasis added.) Neither statute grants county electors a right of referendum that does not otherwise exist by statute or constitution.

¶ 20     Similarly, Colorado Constitution, article V, section 1(10) — which provides that section 1 is "self-executing" — means only that no further legislative action is required for the rights reserved by

that section to take effect.  *See Developmental Pathways v. Ritter*, 178 P.3d 524, 533 (Colo. 2008).  It does not create any such rights.

¶ 21 We also reject plaintiffs' argument that Stephenson, as county clerk, lacked the authority to reject the referendum petition without referring it to the Board of County Commissioners.  Although a clerk may not preemptively reject a citizen initiative as *substantively* invalid, *see City of Rocky Ford v. Brown*, 293 P.2d 974, 976 (Colo. 1956), the county may review a proposed initiative for compliance with *procedural* requirements before presenting it to the electorate, *see CRUA*, 11 P.3d at 436, 438.  And to the extent plaintiffs rely on the procedures for municipal referendums, it is the clerk who makes those initial decisions.[3]  § 31-11-118(1), C.R.S. 2025.  In particular, the clerk may reject a petition on the ground that it "does not propose municipal legislation pursuant to section 1(9) of article V of the state constitution."  § 31-11-106(1), C.R.S. 2025.

---

[3] Somewhat inconsistently, plaintiffs assert that Stephenson improperly delegated her authority under section 31-11-118, C.R.S. 2025, by authorizing the county attorney to advise plaintiffs that their petition was rejected.  But the county attorney's letter makes clear that it was written on behalf of the county clerk.  Plaintiffs point to no authority that would preclude the county attorney from representing the county clerk with respect to her official functions.

¶ 22    Finally, we decline to address plaintiffs' equal protection and due process arguments, as well as their corresponding request for damages under 42 U.S.C. § 1983, because plaintiffs did not raise these arguments in the district court.  *See Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C.*, 2012 CO 61, ¶ 18 (noting that unpreserved issues generally will not be addressed for the first time on appeal).  We note, however, that courts have rejected similar arguments.  *See Dellinger*, 20 P.3d at 1238 (holding that the constitutional right of initiative does not implicate a liberty interest under the Due Process Clause); *Save Palisade FruitLands v. Todd*, 279 F.3d 1204, 1214 (10th Cir. 2002) (holding that the Equal Protection Clause does not "command Colorado to grant the power of initiative to the electors of statutory counties simply because it has granted that power to the electors of home rule counties").

### III.   Attorney Fee Order

¶ 23    Plaintiffs also challenge the district court's award of attorney fees to Stephenson under section 13-17-102, on the ground that their claim was frivolous.  We agree with plaintiffs that the district court abused its discretion by awarding Stephenson attorney fees.

A.     Applicable Law and Standard of Review

¶ 24     A court may award reasonable attorney fees against a party that brought an action that "lacked substantial justification," meaning, as relevant here, that it was "substantially frivolous." § 13-17-102(4); § 13-17-101.5(1), C.R.S. 2025.  A claim is frivolous if the party "can present no rational argument based on the evidence or law" to support it.  *Stepanek v. Delta County*, 940 P.2d 364, 369 (Colo. 1997).  But attorney fees may not be assessed against a pro se party unless the party "clearly knew or reasonably should have known that the party's action . . . or any part of the action . . . was substantially frivolous." § 13-17-102(6).

¶ 25     We review an award of attorney fees under section 13-17-102 for an abuse of discretion.  *In re Estate of Shimizu*, 2016 COA 163, ¶ 15.  A court abuses its discretion when "its decision rests on a misunderstanding or misapplication of the law or is manifestly arbitrary, unreasonable, or unfair."  *Id.* (citation omitted).

B.     Analysis

¶ 26     The district court concluded that plaintiffs' claims were frivolous because "*Dellinger* is binding law and expressly holds that there is no constitutional right of initiative at the county level."  But

11

plaintiffs' claims did not involve the "constitutional right of initiative." They involved the related but separately enumerated right of referendum. And plaintiffs made a rational, if unsuccessful, attempt to distinguish between the two. Plaintiffs also asserted that county zoning decisions fall outside the scope of *Dellinger* based on the municipal function test — another argument that, though unsuccessful, "has a certain ring of logic." 20 P.3d at 1237.

¶ 27    The district court also determined that plaintiffs knew or should have known that their claim was frivolous because Stephenson and the county attorney cited *Dellinger* in each of the three letters rejecting plaintiffs' referendum petitions. But again, none of those letters addressed the arguable distinction between initiatives and referendums. And even if they had, plaintiffs were entitled to "attempt to advance a plausible theory and argument for the adoption of [a] new legal principle" drawing that distinction. *Sullivan v. Lutz*, 827 P.2d 626, 628 (Colo. App. 1992); *see also* § 13-17-102(7) (providing that attorney fees shall not be awarded for a "good faith attempt to establish a new theory of law in Colorado").

¶ 28    Thus, plaintiffs did not simply ignore *Dellinger*. Instead, they acknowledged it and sought to distinguish it. That effort was

unsuccessful, and plaintiffs' claims failed. But we cannot say that plaintiffs — particularly as pro se parties — offered "no rational argument" to support their claims, *Stepanek*, 940 P.2d at 369, much less that they "clearly knew or reasonably should have known" their action was "substantially frivolous," § 13-17-102(6).

¶ 29 Under these circumstances, we conclude that the district court abused its discretion by awarding Stephenson attorney fees under section 13-17-102. We therefore reverse the award of fees.[4]

## IV. Judicial Bias

¶ 30 Plaintiffs assert for the first time on appeal that the district court judge should have recused herself from the case because she "previously served as lead counsel" in *CRUA*, 11 P.3d 432 — another case addressing county electors' right of initiative.

¶ 31 Because plaintiffs did not move to disqualify the judge in the district court, they must show that the judge was actually biased against them. *See Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 52. Actual bias "focuses on the judge's subjective motivations" and

---

[4] Plaintiffs do not appeal the award of costs, which appears to total eighty-seven dollars. *See* C.R.C.P. 54(d) ("[R]easonable costs shall be allowed as of course to the prevailing party . . . .").

exists when, "in all probability, a judge will be unable to deal fairly with a party." *People in Interest of A.P.*, 2022 CO 24, ¶ 28. The record must "clearly demonstrate" that "the judge had a substantial bent of mind against [the party]." *Id.* at ¶ 30 (citation omitted).

¶ 32     Plaintiffs have not made this showing. The judge's participation as counsel twenty-five years ago in an unrelated case addressing a similar legal issue does not, without more, show a "substantial bent of mind" against plaintiffs. *Id.* (citation omitted). And other than that, plaintiffs point to nothing more than the rulings against them. Absent "an attitude of hostility or ill will toward a party, a ruling by a judge on a legal issue is insufficient to show [actual] bias." *Bocian*, ¶ 57; *see also A.P.*, ¶ 32 ("[A]dverse legal rulings by a judge are unlikely to provide grounds for a bias claim, as they are proper grounds for appeal, not for recusal.").

## V.     Appellate Attorney Fees

¶ 33     Stephenson requests an award of her appellate attorney fees under C.A.R. 38(b) and section 13-17-102(4), again on the ground that plaintiffs' arguments lack substantial justification.

¶ 34     We deny that request. For the same reasons we have reversed the district court's award of attorney fees, we cannot conclude that

plaintiffs' arguments on appeal lacked substantial justification or that plaintiffs clearly knew or reasonably should have known their appeal was substantially frivolous. §§ 13-17-102(4), (6), -101.5(1).

## VI. Disposition

¶ 35 The judgment dismissing plaintiffs' complaint is affirmed. The order awarding attorney fees to Stephenson is reversed.

JUDGE DUNN and JUDGE TAUBMAN concur.